## Swan-Day Lumber Company v. Boling.

(Decided May 16, 1912.)

Appeal from Breathitt Circuit Court.

1. Action to Recover Timber—Evidence.—In an action to recover the price of certain logs, a statement sent out by the defendant

showing that it received the logs and the amount of them, is competent evidence, although the logs were credited on the statement to another person.

2. Instructions—Form—When Reversal Will Not Be Had.—When the real issue in the case has been fairly submitted to the jury by the instructions of the court, a reversal will not be had on account of the form of an instruction on a matter which had no effect on the result of the trial.

J. J. C. BACH, GRANNIS BACH for appellant.

O. H. POLLARD, M. H. HOLLIDAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

William Boling brought this suit against the Swan-Day Lumber Company. He alleged in his petition that during the year 1905, he sold and delivered to defendant 46,123 feet of saw logs of which 3,501 feet were sold and delivered at $10.00 per thousand feet and 42,622 feet at $7.00 per thousand feet, amounting in the aggregate to the sum of $333.35; that the sale and delivery was by a contract with the defendant; that it agreed to pay him this sum for the logs, but had paid no part of it. The defendant, by its answer, denied that during the year 1905 or any other time, the plaintiff sold or delivered to it 3,501 feet of saw logs or any number of feet, at $10.00 or any sum per thousand feet, or 42,622 feet or any number of feet at $7.00 or any sum per thousand feet, amounting in the aggregate to the sum of $333.35 or any sum, or that the sale and delivery were made by contract with the defendant, or that defendant agreed to pay plaintiff that sum or any sum.

The case came on for trial before a jury. The plaintiff testified that he sold and delivered the logs to Green Walters who was agent for the defendant; that Walters agreed to pay him the price named for the logs and accepted and branded them. The plaintiff also testified that the logs amounted in feet to the amount set out in his petition. He introduced several witnesses who testified to his delivering the logs to Walters; that Walters was the agent of the Swan-Day Lumber Company, and that Walters said to Boling at the time he accepted the logs that there was no need of uneasiness about the money as the Swan-Day Lumber Company would pay for the logs. It appears from the evidence of these witnesses

that Walters was dead at the time of the trial, and the court, thereupon, excluded from the consideration of the jury all the testimony of the plaintiff as to what took place between him and Walters. The defendant then introduced John D. Martin who testified that he bought the logs from Boling and afterwards sold them to the Swan-Day Lumber Company, and that the money coming to Boling from him had been garnished in his hands. The plaintiff, in rebuttal, testified that he made no trade wih Martin and did not sell Martin the logs.

On this evidence, the court instructed the jury that if they believed from the evidence that the plaintiff sold and delivered the logs to Martin, they would find for the defendant, but that if they believed from the evidence that he sold and delivered the logs to the Swan-Day Lumber Company, they should find for the plaintiff. The instructions were clear and simple. The jury found for the plaintiff, and the court having entered judgment on the verdict, the defendant appeals.

The real issue in the case was whether plaintiff had sold the logs to the Swan-Day Lumber Company or to Martin. This issue was fairly submitted to the jury. The weight of the evidence sustains the verdict of the jury; for if we leave out of view entirely the plaintiff's evidence, there remains the testimony of other witnesses to the effect that Walters measured and received the logs, accepted and branded them.

It is insisted, however, that the court erred in allowing plaintiff to read to the jury a statement of the log account which defendant had sent to John D. Martin. Martin testified that the defendant sent him the statement. It showed the quantity of the logs and that they were Boling's logs. The paper was properly admitted to show that the Swan-Day Lumber Company had received the logs and the quantity it received.

It is further insisted that there was no evidence that Swan-Day Lumber Company agreed to pay for the logs at the prices stated in the petition. The statement which defendant sent Martin credited him by a greater price for the logs. The evident purpose of the answer was simply to deny that the Swan-Day Lumber Company had bought the logs of Boling, and it made no effort to show that the prices charged were unreasonable. The whole controversy turned on whether the logs were sold by Boling to Martin or to the Swan-Day Lumber Company. There was but one sale and delivery of the logs. It was

not claimed that if the logs were sold to Martin the prices were different. In fact, as we understand the evidence, the prices were the same in the trade claimed by Martin. Under the circumstances, we think the real issues in the case have been fairly submitted to the jury, and the judgment should not be disturbed on the question of value, as to w,hich there was no controversy.

The court did not err in refusing to instruct the jury peremptorily to find for the defendant, as there was evidence showing that its agent, Walters, bought, accepted and branded the logs agreeing that defendant would pay for them. The jury had the right to infer from this that the price was fixed; there being but one sale and delivery of the logs, and it being claimed by Martin that he and not defendant's agent, Walters, was the purchaser, if the court, instead of telling the jury if they found for the plaintiff to find for him $333.35, had told them to find for him the amount due him for the logs at the contract price, the result would have been in no wise affected. Martin's testimony would have warranted the jury in finding the contract price to be as alleged, and there was no contrary evidence.

Judgment affirmed.